# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES F. HUNT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Case No. 08-433-MJR-PMF |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court for review of a decision denying James E. Hunt Jr.'s applications for disability and supplemental security income. The administrative record is on file, along with opposing briefs (Doc. Nos. 9, 14, 17).

Hunt applied for benefits in May, 2004. His applications were rejected after an Administrative Law Judge (ALJ) held a hearing, reviewed evidence, and decided that Hunt was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing

previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner as being so severe as to preclude substantial gainful activity, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is not capable of performing any other work existing in significant numbers in the national economy. *Briscoe ex rel. Briscoe v. Barnhart*, 425 F.3d 345, 351-51 (7th Cir. 2005). An affirmative answer at step three or five results in a finding of disability. The burden of proof rests with the claimant through step four, after which the burden shifts to the Commissioner. *Id*.

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Because the Commissioner of Social Security is responsible for weighing evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305,

309 (7th Cir. 1996).

At the hearing, plaintiff testified that he had a back ailment and described significant symptoms of pain, numbness, drowsiness, incontinence, and irritability. He treated his pain and irritability with medication, used a cane two or three days per week, reclined with his feet elevated, and applied an cold packs and heating pads. He rated his normal pain at 5 or 6 on a 10-point scale. On normal days, he could perform most personal care tasks without assistance but used a shower chair for bathing and an electric scooter for shopping. He estimated that for an eight-hour stretch of time, he could sit or lie down for about six and one-half hours and walk or stand for about one and one-half hours. On a good day, he could sit for about one hour at a time, drive for about 15 - 20 minutes, or ride as a passenger for about 45 - 60 minutes. He had bad days three to five days per month, when his pain level rose to 9 ½. On a bad day, he could sit for about 20 minutes at one time. Due to safety concerns, he did not drive after he took medication because the medicine made him feel tired and groggy. Several times per week, his medications put him to sleep and he would sleep for a couple of hours. He made an effort to delay his evening medication until bedtime so he could help his children complete their homework assignments. About four times per week, he suffered bladder incontinence, which was felt to be a medication side effect. On bad days, he spent most of his time in bed or lying on the floor with his feet elevated. He had performed housework and yard work in the past but was no longer able to perform those chores. Several hours per week, he made phone calls and filed documents for his mother, who ran an elder-care business. At that facility, he had the option to lie down as needed (R. 247-263).

In determining credibility, an ALJ must consider several factors, including the claimant's daily activities, level of pain or symptoms, aggravating factors, medication, treatment, and

limitations. 20 C.F.R. § 404.1529(c); Social Security Ruling 96-7p. The parties agree that the ALJ considered plaintiff's testimony and decided not to credit all of his statements regarding his limitations. The question is whether the ALJ minimally explained his reasons for that decision.

The ALJ determined that plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Relying on the weight of evidence, the ALJ decided that plaintiff retained the functional ability to perform a significant range of sedentary work (R. 18-20).

The law governing disability determinations provides that ALJs are not required to discuss every piece of evidence; however, they must build a bridge of logic connecting evidence to their conclusion. Regarding credibility assessments, they must articulate the reasons behind their evaluation. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). This standard is not high – only minimal articulation is needed – enough to allow a reviewer to follow the ALJ's thought process. Once the Court understands the ALJ's reasoning, it can determine whether the rationale has support in the administrative record and meets the applicable legal standard. When the ALJ does not minimally discuss or explain the reasons for rejecting evidence, the Court cannot initiate its review. The first step towards determining whether an adverse credibility decision is proper and supported is to understand the basis for the assessment; that is, to know why the ALJ discredited the evidence. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

The Court has carefully reviewed the briefs and finds no indication that either party has been able to discern the rationale for the ALJ's adverse credibility determination. While the defendant speculates that plaintiff's daily activities and/or treatment history might have led the ALJ to discount

plaintiff's description of his limitations, the Court must decline to evaluate potential reasons that were not supplied by the ALJ. *Id.* The Court's review of the ALJ's decision produces the same result. The ALJ did not identify or explain his reasons for making an adverse credibility assessment.

Defendant correctly notes that credibility assessments will be sustained unless they are patently wrong. This legal standard may be applied to the ALJ's decision once the ALJ explains why the evidence was discredited. In particular, the ALJ should provide "specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7p. Because a remand is necessary before the ALJ's decision may be reviewed, the Court does not reach plaintiff's alternative arguments for remand.

IT IS RECOMMENDED that the Commissioner's decision denying James F. Hunt Jr.'s May, 2004, applications for disability and supplemental security income be REVERSED and REMANDED for further proceedings and a new decision. On remand, the ALJ should comply with Social Security Ruling 96-7p by explaining the reasons for his assessment of plaintiff's descriptions of the limiting effects of his ailment and medications.

**SUBMITTED:   March 11, 2009   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**