IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES F. HUNT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-cv-0433-MJR |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

James Hunt filed suit in this Court seeking judicial review, under **42 U.S.C. § 405(g)**, of a decision by the Commissioner of Social Security denying his application for benefits under the Social Security Act. On April 3, 2009, the Court issued an Order reversing the Social Security Administration's final decision and remanding the case for further administrative proceedings. The Clerk of Court entered judgment in favor of Hunt on April 6, 2009. On July 6, 2009, Hunt's counsel moved the Court to award attorney's fees in the total amount of $1,540, pursuant to the Equal Access to Justice Act, **28 U.S.C. § 2412** (Doc. 21).

The Equal Access to Justice Act ("EAJA") allows recovery of attorney's fees "incurred" by the prevailing party. **28 U.S.C. § 2412(d)(1)(A).** *See also Neal v. Honeywell, Inc.,* **191 F.3d 827, 833 (7th Cir. 1999).** Specifically, the EAJA provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the

1

United States ... unless the court finds that the position of the United States was substantially justified...." **28 U.S.C. § 2412(d)(1)(A).**

Here, judgment was entered on behalf of Hunt, and he qualifies as a "prevailing party." The only question is whether the Government's position was "substantially justified." The EAJA does not define the phrase "substantially justified," but the United States Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." ***Underwood v. Pierce*, 487 U.S. 552, 565 (1988).** Similarly, in ***Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)**, the Seventh Circuit explained: "The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action."

In determining whether a government agency was substantially justified, the District Court should consider the agency's pre-litigation conduct (*i.e.*, the actions or inactions giving rise to the instant litigation), as well as the agency's conduct in the instant litigation. ***Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).** "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified." *Id.*

In the case at bar, the Government contends that its position was substantially justified because the Court's sole reason for remanding the case was based on the ALJ's failure to fully articulate his reasons for discounting Hunt's allegations. Hunt responds that, because the ALJ provided absolutely no reasoning for his adverse credibility finding, the decision was not substantially justified and the EAJA petition should be granted.

As Hunt points out, the Report and Recommendation issued by United States Magistrate Judge Philip M. Frazier noted that neither party had been able to discern the rationale for the ALJ's adverse credibility determination. SSR 96-7p requires the ALJ to provide "specific reasons

2

for the finding on credibility, supported by the evidence in the case record." The Government filed no objection to the Report. The undersigned Judge adopted the Report in its entirety and judgment was entered thereon.

"An ALJ's failure to articulate properly the evidence he considered in making his decision does not always by itself render the Commissioner's position without substantial justification, because 'the requirement that the ALJ articulate his consideration of the evidence is deliberately flexible.'" ***Banks v. Barnhart,* 2003 WL 22019796, \*3 (N.D.Ill. 2003) (quoting *Stein v. Sullivan,* 966 F.2d 317, 319 (7th Cir. 1992)**. "However, the rule that the court's review of an administrative decision is limited to the grounds provided by the agency is clearly established." ***Id.* (citing *SEC v. Chenery,* 318 U.S. 80, 92 (1943)**.

The obstacles faced by the Government in opposing Hunt's fee application are insurmountable. Neither its pre-litigation nor its litigation position was substantially justified. First, the lack of specific reasons supporting the ALJ's credibility determination constrains the Court to find that the Government's pre-litigation position was not "substantially justified" within the meaning of the EAJA. ***See Brindisi v. Barnhart,* 2003 WL 21696195 at \*4 (N.D.Ill. 2003)**. Second, during litigation, as stated above, the parties and the Court were unable to discern the rationale for the ALJ's adverse credibility determination. In failing to object to the Report, the Government conceded this finding. Unlike the ***Stein*** case cited by the Government, in the current proceeding, the ALJ's decision is not merely deficient, *i.e.,* unsupported by *substantial* evidence, but is entirely without support. ***See Stein*, 966 F.2d at 319-20**.

Additionally, awarding fees is appropriate in this action and furthers the purposes of the EAJA fee-shifting provision. Without his counsel's effective advocacy, Hunt may not have been

able to bring this action, and it is unlikely that he would have prevailed, given the Government's spirited defense of the case. *See* Doc. 17.

The Government does not contend that the number of hours claimed by Hunt's counsel (8.8 hours) or the hourly fee ($175.00) is excessive. The Court finds that the requested fee is reasonable and should be awarded.

Accordingly, the Court **GRANTS** Hunt's application for attorney's fees in the amount of $1,540 (Doc. 21).

**IT IS SO ORDERED.**

**DATED this 18th day of August, 2009**

>                     s/Michael J. Reagan
>                     **MICHAEL J. REAGAN**
>                     **United States District Judge**